Centricut v. Esab Group, et al.       CV-99-039-M    04/03/01
                    UNITED STATES DISTRICT COURT

                        DISTRICT OF NEW HAMPSHIRE


Centricut, LLC,
     Plaintiff

     v.                                   Civil No. 99-039-M
                                          Opinion No. 2001 DNH 070
Esab Group, Inc.,
     Defendant,

     v.

Centricut, LLC (New Hampshire)
and Centricut, LLC (Delaware),
     Counterclaim-Defendants.


                        **O R D E R**


     Centricut, LLC (New Hampshire), brings this action seeking a

declaratory judgment of non-infringement, invalidity and

unenforceability of United States Patent 5,023,425 ("the '425

Patent"), held by defendant, Esab Group, Inc. ("Esab").  Esab

counterclaims for a finding of infringement against Centricut,

LLC (New Hampshire), and Centricut, LLC (Delaware) (collectively

"Centricut").  Centricut moves for summary judgment on Count I of

the Amended Complaint and Count I of the Amended Counterclaim

(document no. 25), arguing it is entitled to judgment as a matter

of law for three reasons: (1) the '425 patent is invalid as

indefinite; (2) even if the '425 Patent is valid, there is no infringement, either literal or under the doctrine of equivalents; and (3) Esab is barred from asserting the doctrine of equivalents.

## Standard of Review

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling upon a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party carries its burden, the burden shifts to the nonmoving party to demonstrate, with regard to each issue on

2

which it has the burden of proof, that a trier of fact could reasonably find in its favor. See DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997).

At this stage, the nonmoving party "may not rest upon mere allegation or denials of [the movant's] pleading, but must set forth specific facts showing that there is a genuine issue" of material fact as to each issue upon which he or she would bear the ultimate burden of proof at trial. Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." Intern'l Ass'n of Machinists and Aerospace Workers v. Winship Green Nursing Center, 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).

## Background

Centricut makes and sells replacement parts used in plasma arc torches of various manufacturers, including Esab. In 1998, ESAB filed a civil action in the District of South Carolina, Florence Division claiming that several electrodes manufactured

3

by Centricut infringe the '425 Patent. That case was dismissed for lack of personal jurisdiction on January 15, 1999. Believing Esab would shortly file a new action for infringement, Centricut filed this action for declaratory judgment on January 27, 1999.

The '425 Patent, entitled "Electrode for Plasma Arc Torch and Method of Fabricating Same," pertains to an alleged improvement to electrodes used in plasma arc torches - a device which utilizes a stream of pressurized gas, ionized by a current, to penetrate and cut metals for industrial use. An electrical arc is generated between an electrode in the torch and the metal workpiece. The basic design of the electrode entails an outer "holder," generally made of copper or copper alloys, and an insert which emits electrons from the surface (the "emissive insert"), creating the electrical arc. The arc attaches to the emissive insert and is supported by the ionized gas stream (referred to as the "plasma"). Various gases may be used as the plasma, however, when oxygen is used, the life of the electrode is limited to a fraction of its usual life. It is believed that this happens because the outer holder oxidizes, causing the arc to attach to the holder, instead of the emissive insert, and melt the holder.

4

The '425 Patent teaches a way to allegedly prevent the plasma arc from attaching to the holder, thus extending the life of the electrode. The electrode in the '425 Patent entails surrounding the emissive insert with a "sleeve," and mounting the two in a "cavity" in the front end of the holder. The sleeve is composed of a metallic material with a "work function" greater than the relatively low work function of the emissive insert.

## Discussion

The words "work function," "cavity," and "sleeve" are significant to Centricut's position. At this point in the litigation, the scope of the '425 Patent has yet to be determined. Neither party has requested a Markman hearing, or previously asked the court to construe the patent as a matter of law.

Centricut moves this court to find as a matter of law that the '425 Patent is invalid as indefinite because the "work function" of a metallic material is dependant on multiple factors not addressed in the specifications. See 35 U.S.C. § 112, ¶ 2 (requiring specifications to include "one or more claims particularly pointing out and distinctly claiming the subject

5

matter which the applicant regards as his invention."). In the alternative, Centricut asks for a ruling as a matter of law that its electrodes do not infringe the '425 Patent because they do not have a "sleeve" or a "cavity." In order to make either finding, however, the court must first determine the precise meaning of the words "work function," "cavity," and "sleeve," as used in the '425 Patent, and as understood by those skilled in the art of designing and constructing plasma torches. See, e.g., Carroll Touch, Inc. v. Electro Mechanical Sus., Inc., 15 F.3d 1573, 1576 (Fed. Cir. 1993) ("First, the claim must be properly construed to determine its scope and meaning."). Although the parties have attempted to present their respective readings of the disputed terms in the context of this motion for summary judgment, the court believes it would be more beneficial to address these claim construction issues as a separate matter.

## Conclusion

Because the '425 Patent has yet to be construed, Centricut's motion for summary judgment (document no. 25) is premature. Accordingly, it is denied without prejudice. All other matters are stayed pending construction of the '425 Patent claims.

6

The parties shall file a stipulation as to claim construction on or before May 4, 2001, or, by that date shall notify the court as to whether a <u>Markman</u> hearing will be necessary or the issues can be resolved on briefs.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 3, 2001

cc:   Edward A. Haffer, Esq.
     Michael J. Bujold, Esq.
     Neal E. Friedman, Esq.
     John R. Hughes, Jr., Esq.
     Blas P. Arroyo, Esq.